# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TERESA PLOTNICK | : | Case No.: |
| Plaintiff, | : | Judge: _____ |
| vs. | : | |
| DAYTON PUBLIC SCHOOLS | : | **COMPLAINT WITH** |
| Defendant. | : | **JURY DEMAND** |
| | : | |

Plaintiff Teresa Plotnick ("Plotnick"), through counsel, for her Complaint against Defendant Dayton Public Schools ("DPS"), states as follows:

## PARTIES

1. At all times relevant to this Complaint, Plaintiff Plotnick is a citizen and resident of the State of Ohio and was employed by Defendant as a English Language Arts/English as a Second Language ("ESL") teacher.

2. Defendant Dayton Public Schools is a public educational system organized and operated under the laws of the State of Ohio and located in Dayton, Ohio. Defendant DPS is an employer within the meaning of federal and state law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to the American with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), as amended by the ADA Amendments Act of 2008. Furthermore, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## ADMINISTRATIVE PROCEDURES

5. Plaintiff Plotnick has satisfied all statutory requirements to filing suit by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") for discrimination.

6. The EEOC issued a Notice of Right to Sue letter to Plaintiff.

7. Plaintiff filed this Complaint within 90 days of the receipt of the Notice of Right to Sue letter from the EEOC.

**FACTS**

8. Plaintiff Plotnick began working for Defendant DPS on August 5, 2019 as an English Language Arts ("ELA") and English as a Second Language ("ESL") teacher at Belmont High School ("BHS").

9. Shortly after her hire, Plaintiff Plotnick disclosed to BHS principals that she had a disability and requested a reasonable accommodation.

10. Specifically, the accommodation that Plaintiff Plotnick requested was for her class sizes to be limited to what had already been determined by DPS district personnel to be the appropriate class size for ELA/ESL classes, which had been communicated to her at the time of her hire.

11. However, despite promises to reduce her class size, Defendant DPS forced Plaintiff Plotnick to teach classes that were more than double the stated limit.

12. The overloaded classes caused Plaintiff Plotnick ongoing health issues directly related to her disability, requiring her to take numerous sick days.

13. After Plaintiff Plotnick made repeated complaints about the detrimental effects of teaching such overloaded classes on her health because of her disability with no response, Plaintiff finally contacted Amy McKinney, the Senior Academic Coordinator of DPS' English Learner Services, for assistance.

14. As a result of Mrs. McKinney's intervention, Defendant DPS did reduce Plaintiff's class sizes somewhat, but not enough to fully accommodate her disability.

15. Rather than provide Plaintiff Plotnick with the appropriate reasonable accommodation, Defendant DPS instead assigned a paraprofessional to Plaintiff Plotnick's classroom to assist her.

16. Although the paraprofessional helped alleviate some of the stress of the overloaded classes, it did not address the issue completely.

17. However, BHS principals confronted Plaintiff Plotnick and threatened to shut down ELA/ESL classes if Plaintiff continued to go over their heads to district personnel with her problems.

18. The ongoing stress of the large classes and Defendants' refusal to accommodate her medical needs coupled with the principals' threats proved to be too much for Plaintiff Plotnick to handle; consequently, Plaintiff Plotnick was forced to resign from her position on November 12, 2019.

## COUNT I
(ADA – Disability Discrimination)

19. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

20. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that she was diagnosed with certain protected illnesses and Defendant perceived her to have a disability, and she has the requisite education to perform and could perform the essential functions of an ELA/ESL teacher.

21. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5) in that it is engaged in an industry affecting commerce and have more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years.  Thus, they are also covered entities within the meaning of 42 U.S.C. § 12111(5).

22. Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

23. Prior to the time that Plaintiff was unlawfully forced to resign her employment, Plaintiff was qualified for employment as an ELA/ESL teacher.

24. During the period of August 5, 2019 to November 12, 2019, Defendant refused to provide reasonable accommodations to Plaintiff despite her repeated requests and complaints, and despite her actual or perceived disability.

25. Plaintiff Plotnick has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendant's unlawful conduct.

26. Plaintiff is entitled to attorney's fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

27. Plaintiff is further entitled to any and all relief permitted under 42 U.S.C. § 12117(a), including equitable relief.

## COUNT II
## (ADA – Retaliation)

28. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

29. In violation of the ADA, Defendant unlawfully retaliated against Plaintiff by constructively terminating her after she requested a reasonable accommodation so she could continue her employment with Defendant despite her disability.

30. In taking the above described discriminatory action, Defendant acted with malice and reckless indifference to Plaintiff's rights under the ADA.

31. Plaintiff Plotnick has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

## COUNT III
## (O.R.C. § 4112.02 – Discrimination)

32. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

4

33. In violation of O.R.C. § 4112.02, Defendant unlawfully discriminated against Plaintiff by refusing to provide reasonable accommodations to her and constructively terminating her because of her disability.

34. In taking the above described discriminatory action, Defendant acted with malice and reckless indifference to Plaintiff's rights under O.R.C. § 4112.02.

35. Plaintiff Plotnick has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff Teresa Plotnick requests judgment against Defendant Dayton Public Schools for the following:

A.  Declaring the acts and practices complained of herein to be violations of the ADA and Ohio law;

B.  Enjoining and permanently restraining these violations of law;

C.  Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D.  Directing Defendant to place Plaintiff in a position she would have occupied but for Defendant's unlawful conduct, and making her whole for all earnings and other benefits she would have received but for Defendant's unlawful conduct, including, without limitation, wages other lost benefits, loss of good will and interest thereon;

E.  Directing Defendant to pay Plaintiff compensatory damages, including the damages for her mental anguish, denial of life's pleasures, pain and suffering, humiliation, as well as punitive damages;

    F.      Attorney's fees and costs;

    G.      Pre- and post-judgment interest; and

    H.      Such other and further relief as the Court considers just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                Respectfully submitted,

                /s/ John Hui Li
                John (Hui) Li (#0082661)
                JHL Legal LLC
                3209 Carrier Avenue
                Dayton, Ohio 45429
                Telephone:    513-502-4646
                jli@jhllegal.com

                *Trial Attorney for Plaintiff*
                *Teresa Plotnick*